# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| PER-CO. LTD., et al., | ) | CASE NO. 3:06-cv-979 |
| | ) | |
| Plaintiffs, | ) | Chief Judge James G. Carr |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT LAKES FACTORS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER DIRECTING THE ENTRY OF JUDGMENT
## AND CERTIFYING AN APPEAL UNDER FED. R. CIV. P. 54(b)

### MEMORANDUM

This action was brought by Per-Co., Ltd. and Perry Farms, Inc. (together, the "Plaintiffs"), seeking, among other things, a declaratory judgment of whether Great Lakes Factors, Inc. ("Factors") is the alter ego of and/or successor to Great Lakes Funding, Ltd., Inc. ("Funding").[1] A Counterclaim and Cross-Claims were filed by The Peoples Banking Company a/k/a RFC Banking Company

---

[1] This case began on April 24, 2003 when Plaintiffs filed their complaint in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") and thereby commenced Adversary Proceeding No. 03-3133 (the "Adversary Proceeding"). On March 23, 2006, John Graham, the Chapter 7 Bankruptcy Trustee for Factors ("Graham-Trustee"), a defendant in the Adversary Proceeding, filed a motion to withdraw the reference under 28 U.S.C. § 157(d). The motion was granted, and the case was assigned to this judge as being related to a case already assigned to this judge: *John N. Graham, Chapter 7 Trustee for Great Lakes Factors, Inc. v. RFC Banking Company, et al.*, Case No. 3:06-cv-07032 (the "Graham Case").

{K0143489.1}                              1

("Peoples" or the "Bank"), seeking the same declaratory relief, along with a determination of whether the Bank held a valid, perfected, first priority lien in all of Factors' assets, whether certain assets of Funding were fraudulently transferred to Factors, and whether Plaintiffs were valid creditors of the Factors estate.

In January 2007, the Court held a bench trial in this case in order to resolve the alter ego/successor threshold issue. Following the conclusion of this bench trial, the Court issued an Order on April 26, 2007 (the "Per-Co Decision"), granting declaratory relief in favor of Peoples and against Plaintiffs and Factors, declaring that Factors is a successor corporation to Funding. (ECF #56). The Per-Co Decision, however, did not resolve all of the claims, counterclaims, and cross-claims that have been filed in this case. Still awaiting resolution are the other claims pertaining to the relative priority of the creditor interests, including an equitable subordination claim brought by Plaintiffs against Peoples and a claim by Peoples that Plaintiffs are not creditors of the Factors bankruptcy case.

In addition to the above-referenced claims, the Per-Co Decision also will have an impact on the proper resolution of the Factors bankruptcy estate and certain adversary proceedings and civil actions arising therefrom, including *John N. Graham, Chapter 7 Trustee for Great Lakes Factors, Inc., v. RFC Banking Company , et. al.,* Case No. 3:06cv7032 (the "Graham Case") and *Mark E. Dottore, Receiver for Great Lakes Funding Ltd., Inc., et. al., v. National Staffing Services, LLC, et. al.,*

Case No. 3:06cv1942 (the "National Staffing Case").[2]

In the Graham case, Graham-Trustee sued Peoples for abuse of process and fraud on the court based upon allegations that the Bank and its counsel wrongfully used the receivership process to freeze Factors' assets and made misrepresentations to the Lucas County Common Pleas Court and to the United States Bankruptcy Court that Factors was the same entity as Funding. The allegations made in the Graham Case assume that Factors is *not* a successor of Funding. The Graham Case was held in abeyance pending the Per-Co Decision and has been dismissed without prejudice to re-filing, pending the appeal of the Per-Co Decision.

In the National Staffing case, the Receiver of Funding sued to recover money that he claims was converted by National Staffing when National Staffing collected receivables that National Staffing had sold to Funding. Graham-Trustee claims that the National Staffing account was transferred from Funding to Factors so that the claim is an asset of the Factors estate. Therefore, the Per-Co Decision is

---

[2] The plaintiff in the National Staffing case was appointed by the Court of Common Pleas of Lucas County, Ohio (the "State Court") to be the receiver of Funding. On December 9, 2003, the Receiver filed a complaint in the State Court to collect $564,000 due from National Staffing Services, LLC ("NSS") to Funding. Following intervention by the Bank and Graham-Trustee and amendments to all the pleadings, there are now numerous claims, cross-claims and counterclaims among the parties. On October 13, 2005, NSS filed its voluntary petition in the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code. Patricia Kovacs ("Kovacs") was appointed as the Chapter 11 Trustee of NSS. Following its conversion from a case under Chapter 11 to a case under Chapter 7, Kovacs became the Chapter 7 Trustee of NSS ("Kovacs-Trustee"). On June 19, 2006, Kovacs-Trustee filed her notice of removal of the National Staffing Case with the District Court. The National Staffing Case, as so removed, was given Case No. 3:06-cv-01506 and assigned to Judge Jack Zouhary. On July 10, 2007, Judge Zouhary referred the National Staffing Case to the Bankruptcy Court, "pursuant to 28 U.S.C. § 157(a) and (b)(2)(B), where a related matter is pending: namely Per-Co Ltd., et a. v. Great Lakes Factors, Inc., et al." The National Staffing Case, as referred to the Bankruptcy Court, was given Adversary Proceeding No. 06-03385. On August 10, 2006, the Bankruptcy Court entered its Decision and Order which (A) found "The matters raised in this adversary proceeding have close identity of interest to those in the adversary proceeding of Per-Co Ltd., et al. v. Great Lakes Factors, Inc., et al., now pending before Chief Judge James Carr. That based upon this identity of interest, there exists the potential for inconsistent verdicts/judgments if this adversary proceeding were to proceed in this Court." and (B) ordered the adversary proceeding "transferred to the Honorable James G. Carr . . . for his administration and decision." The National Staffing Case, as so transferred, was given Case No. 3:06-cv-1942.

critical to who litigates as the party in interest for the return of the converted funds, the Bank and Receiver of Funding or Factors' Trustee.

The rights and economic interests of the parties in the Per-Co Case, the Graham Case and the National Staffing Case are clearly impacted by any appeal arising from the Per-Co Decision. Indeed, the proper resolution of the entire Factors bankruptcy estate will depend on how any appeal from the Per-Co decision is resolved. The Per-Co Decision, however, is not a final, appealable order because it did not resolve all of the claims in the Per-Co Case. Therefore, no appeal may be filed, unless this Court "directs the entry of judgment" with respect to these claims and makes "an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## DISCUSSION

Under Sixth Circuit precedent, there are two steps this Court must take to certify an appeal under Fed. R. Civ. P. 54(b)[3]. First, the Court "must expressly 'direct the entry of a final judgment as to one or more but fewer than all of the claims in this case.'" *See Gencorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (citations omitted). Second, it "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." *Id.*

Here, as to the first requirement, it is clearly appropriate and permissible for this Court to direct the entry of judgment on Count One of Plaintiffs' Complaint and on the Bank's Third Counterclaim and Cross-Claim for Declaratory Relief based upon the declaratory relief granted by the Per-Co Decision.

---

[3] Fed. R. Civ. P. 54(b) provides, "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, that there is no just cause for delay and upon an express direction for the entry of judgment. . ."

{K0143489.1}   4

As in *Olin*, *supra*, the entry of a declaratory judgment on both claims clearly satisfies the finality requirement of Rule 54(b) and 28 U.S.C. § 1291 because it resolves both claims for declaratory relief in a final and conclusive manner. *Id.* at 442-443. Thus, the finality requirement of Rule 54(b) and 28 U.S.C. § 1291 is satisfied.

Having reviewed the unresolved claims in this case, the Graham Case and the National Staffing Case, this Court further concludes that the needs of the parties and the just, speedy, and inexpensive determination of justice required by Rule 1 of the Fed. R. Civ. P. outweigh the efficiency of one appeal at the conclusion of the case and therefore there is "no just reason" to delay an appeal. Indeed, failure to finally resolve the matters decided in the Per-Co Decision will lead inevitably to three separate appeals. In reaching these conclusions, this Court has examined the following "non-exhaustive list" of factors:

(1) the relationship between the adjudicated and the unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;

(5) miscellaneous factors, such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Akers v. Alvey*, 338 F.3d 491 (6th Cir. 2003); *Corrosioneering v. Thyssen Envtl Sys.*, 807 F.2d 1279, 1282 (6th Cir. 1986). "Depending on the facts of the particular case, all or some of the factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Id.*

Whether or not Factors is a successor corporation to Funding is a fundamental element of the remaining unadjudicated claims in the Per-Co Case and to the tort and contract claims in the Graham Case and the National Staffing Case. Affirmation of the Per-Co Decision will render the Graham Case moot and narrow the remaining issues in the National Staffing Case; reversal or vacation will necessitate further proceedings on all the claims for relief. Thus, judicial economy at both the trial level and the appellate level will be enhanced by immediate appellate review of the Per-Co Decision.

Because the Per-Co Decision is critical to so many of the remaining issues, it is extremely unlikely that its impact will be mooted by further developments at the trial of the remaining issues. Because the Per-Co Decision affects all the litigants in all three cases and the proper resolution of the Factors bankruptcy estate, it will certainly be the fundamental issue in each of the appeals that will be taken from each of the three cases. An immediate appeal may avoid the possibility of duplicative litigation if the court of appeals were to reverse the Per-Co Decision in the first case to be decided at the appellate level. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (6th Cir. 2002) (appeal was appropriate in order to avoid "potentially duplicative litigation"). It would be more efficient and just to all concerned, therefore, to allow the Court of Appeals to resolve the threshold issue of whether Factors is a successor to Funding now, rather than to wait until after the Court reaches a final decision on the merits of the other unadjudicated claims.

Given the fact that the judgment sought to be made final is in the nature of declaratory relief, this Court is aware of no pending counterclaim that would result in a set-off against the judgment. In addition, each of the "miscellaneous factors" would be served by an immediate appeal: a final Per-Co Decision would reduce delay, promote economy, shorten the time of trial by avoiding possibly

duplicative trials, and trim expense, for the parties and for this Court.  Accordingly, the fourth and fifth factors weigh in favor of an immediate appeal.

An immediate appeal relating to the threshold issue of whether Factors is a successor to Funding will not only assist the Court and the parties in resolving this case, but will also facilitate in bringing final resolution to the Graham Case and the National Staffing Case.

### ORDER

Based upon a well-considered and fair balancing of the applicable factors and the weighing of the various interests at stake in this case, the Court hereby directs that the Clerk enter a final, separate judgment in this action, consistent in all respects with the Per-Co Decision (i) denying the relief requested in Count One of Plaintiffs' Complaint for Declaratory Relief and granting the relief requested by the Bank in the Third Counterclaims and Cross-Claims for Declaratory Relief; and (ii) stating that under Fed. R. Civ. P. 54(b), *that there is no just cause for delay* of an immediate appeal of the Per-Co Decision to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

                                            s/ James G. Carr    7/20/07
                                          HON. JAMES G. CARR, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT
                                          FOR THE NORTHERN DISTRICT OF OHIO

114666 / 109638.0001